IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

JERZI'S 41, INC.,

    Plaintiff,

v.

PREPARED FOOD PHOTOS, INC.,

    Defendant.

Case No.

Hon.

Brandon M. H. Schumacher (P82930)
Mikhail Murshak (P70793)
FOSTER, SWIFT, COLLINS & SMITH, P.C.
Attorneys for Plaintiffs
313 S. Washington Square
Lansing, MI 48933
(517) 371-8255
bschumacher@fosterswift.com
mmurshak@fosterswift.com

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Jerzi's 41, Inc., by and through its attorneys, Foster, Swift, Collins & Smith, P.C., state the following for its Complaint for Declaratory Relief against Defendant Prepared Food Photos, Inc.:

## PARTIES, JURISDICTION, VENUE

1. Plaintiff is a Michigan corporation that conducted business and resides in the Western District of Michigan.

2. Defendant is a Florida corporation with its principal place of business at 515 E. Las Olas Boulevard, Suite 120, Fort Lauderdale, Florida 33301.

3. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. The Court may entertain Plaintiff's request for declaratory relief under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

5. Venue is properly before the Court under 28 U.S.C. § 1400(a). Defendant is "found" in the Western District of Michigan because it transacts business in Michigan. Accordingly, Defendant is subject to the personal jurisdiction of the Michigan courts.

## BACKGROUND

6. Plaintiff operated a restaurant in the Western District of Michigan.

7. As part of Plaintiff's business operations, it maintained a website. The website advertised Plaintiff's menu for purposes of online ordering.

8. Plaintiff's website included "stock" photographs of prepared meals connected to specific menu items. One such photograph was a picture of cooked catfish fillets on a plate (the "Image").

9. Plaintiff acquired the Image through a GOOGLE images search. At the time of obtaining the Image, Plaintiff believed it was within the public domain due to its lack of watermark and non-indication of copyright.

1

10. Plaintiff placed the Image on its website in 2016, where it has remained until October 2023.

11. On October 2, 2023, Plaintiff received correspondence from a law firm representing Defendant. Defendant claimed it generated the Image in 1997 and alleged it registered the Image with the United States Copyright Office in 2016. (**Exhibit A**, Certificate of Registration).

12. The Image was allegedly registered as part of a "group" registration in 2016.

13. Upon learning of Defendant's claim to own a copyright over the Image, Plaintiff removed the Image from the website.

14. Defendant also claimed in its letter that its inflated, unreasonable, and non-market based subscription service of "$999.00" per month with a 1 year minimum subscription was the appropriate formula for measuring damages.

15. Plaintiff asserts Defendant's "subscription service" is nothing more than a ruse to inflate damages.

16. Upon information and belief, Plaintiff used the Image on its website prior to Defendant registering the Image with the United States Copyright Office.

17. At no time during the 7 year period where the Image was on the website did Defendant assert any intellectual property rights in the Image.

18. Plaintiff's use of the Image was open and obvious.

19. Defendant could have reasonably found the Image by simply performing a reverse GOOGLE image search between the early 2000s and present.

20. Upon information and belief, Defendant failed to perform any reasonable search, investigation, or due diligence to discover any prior use of the Image before registering it with the United States Copyright Office.

21.	Upon information and belief, Defendant failed to perform any reasonable search, investigation, or due diligence to discover any prior use of any of the 19 year old images found in its Certificate of Registration.

22.	Had Defendant performed any due diligence in 2016, it would have discovered Plaintiff's innocent use of the Image prior to its then registration of the 19 year old Image. Failure to do so was neither reasonable nor diligent if Defendant had a reasonable expectation of copyright protection in the Image, especially given its availability in the public domain since 1997.

23.	Upon information and belief, Defendant knew Plaintiff (and others) had used the images and failed to assert their alleged intellectual property rights in order to increase damages to a substantially higher level.

24.	Upon information and belief, Defendant deliberately failed to act for greater than 7 years in order to manufacture and amplify a damages claim for copyright infringement.

25.	Defendant has demanded $30,000 in "damages" for Plaintiff's innocent, single use of the Image.

26.	Plaintiff believes Defendant's claim for damages is untenable, unreasonable, and outside the market norm.

27.	A declaratory judgment is necessary to guide the parties' future conduct and preserve their legal rights.

**COUNT I**
**DECLARATORY JUDGMENT AS TO THE STATUTE OF LIMITATIONS**

28.	Plaintiff reasserts and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

29.	The Court is empowered under 28 U.S.C. § 2201 in "a case of actual controversy . . . [to] declare the rights and other legal relations of any interested party seeking such a

declaration." *See also* Fed. R. Civ. P. 57; *Severe Records, LLC v. Rich*, 658 F.3d 571, 579-80 (6th Cir. 2011).

30. An "actual controversy" means an "actual controversy in the constitutional sense." *Nat'l Rifle Ass'n of America v Magaw*, 132 F.3d 272, 279 (6th Cir. 1997).

31. There is an actual controversy between Plaintiff and Defendant.

32. Defendant claims Plaintiff infringed its alleged copyright on the Image.

33. Plaintiff denies it infringed Defendant's alleged copyright. But even if Plaintiff did, it is Plaintiff's position that Defendant cannot recover damages for the alleged infringement.

34. A claim for copyright infringement is subject to a 3 year statute of limitations. 17 U.S.C. § 507(b). The statute of limitations begins to run at the time the claim accrues. *Id.*

35. Defendant knew or should have known about Plaintiff's use of the Image in 2016.

36. Under either strict application of claim accrual or under application of a discovery rule, Defendant's claim for copyright infringement accrued in 2016.

37. Defendant failed to file suit within the 3 year statute of limitations, thereby barring its claim for damages.

38. Plaintiff and Defendant disagree on the applicability of the statute of limitations.

39. A declaratory judgment is necessary to guide the parties' future conduct and determine their legal rights.

40. Plaintiff requests a declaratory judgment in its favor, declaring Defendant failed to file suit within the applicable statute of limitations and therefore is barred from collecting damages.

WHEREFORE, Plaintiff respectfully requests this Court enter a declaratory judgment in its favor; declare Defendant's claim for copyright infringement accrued in 2016 and that Defendant failed to file suit within the applicable statute of limitations; declare Defendant's alleged claim of

copyright is barred by the statute of limitations; and grant Plaintiff any other relief this Court deems just and proper.

## COUNT II
## DECLARATORY JUDGMENT AS TO DAMAGES

41.     Plaintiff reasserts and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

42.     The Court is empowered under 28 U.S.C. § 2201 in "a case of actual controversy . . . [to] declare the rights and other legal relations of any interested party seeking such a declaration." *See also* Fed. R. Civ. P. 57; *Severe Records, LLC v. Rich*, 658 F.3d 571, 579-80 (6th Cir. 2011).

43.     An "actual controversy" means an "actual controversy in the constitutional sense." *Nat'l Rifle Ass'n of America v Magaw*, 132 F.3d 272, 279 (6th Cir. 1997).

44.     There is an actual controversy between Plaintiff and Defendant.

45.     Defendant claims Plaintiff infringed its alleged copyright on the Image.

46.     Plaintiff denies it infringed Defendant's alleged copyright. But even if Plaintiff did infringe Defendant's alleged copyright, it is Plaintiff's position that Defendant is only entitled to market based damages or, in the alternative, minimal statutory damages of $750.

47.     It is Plaintiff's position that the Image was used prior to Defendant's registration with the United States Copyright Office. If that is the case, then market analysis for damages would apply, resulting in damages of around $15 based on Defendant's competitor's rates.

48.     In the alternative, if the Image was used after Defendant's registration, then statutory damages would apply, and the just compensation awardable is $750 at maximum.

49.     Plaintiff's use of the Image and alleged copyright infringement was not willful.

50.     Plaintiff's use of the Image was not malicious.

51. Defendant is claiming damages far exceeding the market value for single use of an image.

52. The parties disagree about what damages are controlling.

53. A declaratory judgment is necessary to guide the parties' future conduct and determine their legal rights.

54. Plaintiff requests the Court enter a declaratory judgment in its favor, declaring Defendant is only entitled to $750 in damages if Plaintiff did in fact infringe Defendant's alleged copyright in the Image.

WHEREFORE, Plaintiff respectfully requests this Court enter a declaratory judgment in its favor; declare Defendant's claim for copyright infringement is only subject to statutory damages of $750; declare Defendant's claim for actual damages is far outside of market realities and not applicable to this case; awarding Defendant statutory damages of $750; and grant Plaintiff any other relief this Court deems just and proper.

Respectfully submitted,

FOSTER, SWIFT, COLLINS & SMITH, P.C.
Attorneys for Plaintiff

Dated: November 30, 2023    By:    s/ Brandon M. H. Schumacher
Brandon M. H. Schumacher (P82930)
Mikhail Murshak (P70793)
313 S. Washington Square
Lansing, MI 48933
(517) 371-8255
bschumacher@fosterswift.com
mmurshak@fosterswift.com

37138:00001:7518751-1